[No. 2800.]

## Si. Hayes *v.* The State.

Assault with Intent to Murder—"Malice Aforethought"—Charge of the Court.—In a prosecution for assault to murder the trial court charged the jury as follows: "Malice aforethought is the voluntary doing of an unlawful act with the intent, means and ability to accomplish the reasonable and probable consequences of it. If you believe from the evidence that defendant, Si. Hayes, who is alone on trial, did, as charged in the indictment, with malice aforethought, intending to kill B. F. Perry, shoot at him with a pistol, within carrying distance, and that the same as used was a deadly weapon, calculated reasonably and probably to produce the death of Perry, say you find defendant, Si. Hayes, by name, guilty of an assault with intent to murder." *Held*, error, inasmuch as it embodies an inadequate and incorrect definition of malice aforethought. See the opinion *in extenso* on the subject.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. Gustave Cook.

The indictment in this case was a joint one against the appellant and one Joe Stewart, charging them with an assault with an intent to murder B. F. Perry. The venue was laid in Harris county, and the offense was alleged to have been committed on the twenty-fifth day of December, 1882. The appellant being alone upon trial, was found guilty by the jury, and a term of seven years in the penitentiary was assessed against him as punishment.

The transcript brings up no statement of facts.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant was indicted, tried and convicted in the court below for an assault with intent to murder. It was evidently the purpose and object of the learned judge presiding at the trial to present the law applicable to the case in as few terse and concise sentences as the nature of the case would admit. Let us see how far he has succeeded in submitting the law. We copy the main portion of the charge as it appears in the record, as follows, viz: "Malice aforethought is the voluntary doing of an unlawful act with the intent, means and ability to accomplish the reasonable and probable consequences of it. If you believe from the evidence that defendant, Si. Hayes, who is alone on trial, did, as charged in the indictment, with malice aforethought, intending to kill B. F. Perry, shoot at him with a pistol, within carrying distance, and that the same, as used, was a deadly weapon, calculated reasonably and probably to produce the death of Perry, say you find defendant, Si. Hayes, by name, guilty of an assault with intent to murder."

The definition of "malice aforethought" is not correct; for, under it, a party may commit a killing which would be manslaughter only. "The voluntary doing of an unlawful act, with the intent, means and ability to accomplish the reasonable and probable consequences of it" would be manslaughter if it was the result of sudden passion, and upon an adequate cause. Or "the voluntary doing of an unlawful act, with the intent, means and ability to accomplish it," may apply as well to aggravated, and even simple assaults; or, in fact, to any other felony or misdemeanor known to the Code, if the same is dependent upon act and intent, and which is not dependent for its criminality upon the existence of malice aforethought.

"Malice aforethought" means something in itself, and cannot be a condition only which is equally applicable to most offenses other than murder. To constitute murder, or assault with intent to murder, the act must be voluntary; it must be unlawful; it must have been done with the means and ability to accomplish it; and, over, above, beyond and besides these, and in connection with these, it must also have been done with malice aforethought. Such other ingredients may be essential in part, as evidence of, but they are not, and cannot be said to be, malice aforethought. "Malice aforethought is a condition of the mind which shows a heart regardless of social duty and fatally bent on mischief, the existence of which is inferred from acts

committed or words spoken." (*Harris* v. *The State*, 8 Texas Ct. App., 91.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered June 2, 1883.